## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MELISSA L. GARDNER,**

     **Plaintiff,**

                                     **Case Number:** _____

**v.**

**AR RESOURCES, INC.**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, by and through her undersigned counsel, sues Defendant, and further alleges as follows:

1.  The Plaintiff a resident of Pinellas County, Florida and domiciled therein.

2.  Upon information and belief, Defendant is believed to be a foreign corporation doing business throughout the State of Florida, including Pinellas County. All material events occurred in Pinellas County, Florida with respect to the Plaintiff.

3.  The underlying civil action contains an amount reasonably believed to exceed an amount above $15,000.00.

4.  This court has jurisdiction.

5.  This civil action is premised upon violations of Chapter 559 of the Florida Statutes as well as violations of the Fair Debt Collection Practices Act.[1]   The Defendant's

---

[1] Plaintiff reserves the right to amend this complaint to include a claim under 47 U.S.C. 227, based upon calls Defendant made to Plaintiff's cell phone, which, upon information and believe were made with an automated telephone dialing system and without consent.

offending actions violated both the Fair Debt Collection Practices Act as well as Chapter 559 of the Florida Statutes.

**GENERAL ALLEGATIONS**

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Defendant is a debt collector or "person" as defined by the statute with regards to trying to collect the alleged consumer debt that underlies this cause of action. Defendant did not provide Plaintiff with the information required by law under 15 U.S.C. 1692(g).

8. Plaintiff disputed the alleged debts on June 25, 2014. In fact, Plaintiff instructed Defendant to no longer contact her because she was not willing to pay a debt that she did not owe.

9. Notwithstanding Plaintiff's cease and desist, Defendant continued to contact Plaintiff at which point in time Defendant acknowledged receiving Plaintiff's cease and desist letter referenced above. Additionally, Defendant contacted Plaintiff again on August 4, 2014 all in regards to the very same alleged debts.

10. Thus, Defendant received Plaintiff's cease and desist, refused to heed Plaintiff's cease and desist and intentionally circumvented Plaintiff's lawful instructions by continuing to contact Plaintiff in person, as opposed to contacting Plaintiff's attorney on at least August 4, 2014. In addition, Defendant contacted Plaintiff even after Plaintiff refused to pay the debt. Defendant's conduct in this regard was willful, wanton and malicious and in total disregard of Plaintiff's rights. On August 12, 2014, Defendant's representative Mark Willis called Plaintiff again and stated that Plaintiff's account was combined and Mark Willis said he was calling on behalf of Defendant regarding what

was one consolidated account.  Mark Willis also confirmed that 1777 Sentry Parkway

West, Merion Towle Bldg. Ste. 101, Blue Bell, PA 19422 address was a correct corporate

address.  In addition, Mark Willis informed Plaintiff that if Plaintiff paid with a debit

card, Defendant would not report the matter on Plaintiff's credit, but that if Plaintiff paid

with a money order, Plaintiff would be reported by Defendant to the credit bureaus and

the matter would end up on Plaintiff's credit report.

11.  Defendant owed the Plaintiff a duty of good faith and fair dealing in Defendant's

attempt to collect a debt.

12.  Defendant also called Plaintiff's cell phone repeatedly, even after Defendant had

been instructed by Plaintiff not to call.  Despite said cease and desist instruction,

Defendant defiantly continued to call Plaintiff repeatedly in an attempt to annoy and or

harass Plaintiff.  Plaintiff found the continued contact both annoying and harassing

because Defendant kept calling Plaintiff even after Plaintiff specifically told Defendant to

stop contacting Plaintiff, which Defendant ignored.

12.  Defendant is both a furnisher of information as well as a debt collector under

Chapter 559, Florida Statutes and also 15 U.S.C. 1692.

13.  Defendant's actions were willful.

**Violations of Chapter 559**

14. As a direct result of Defendant's above referenced violation, Defendant is liable

for the Plaintiff's actual damages as well as statutory damages, costs and attorney fees

pursuant to Chapter 559, particularly 559.72(7)&(18) of the Florida Statutes because

Defendant continued to contact Plaintiff in regards to an alleged debt after Defendant was

told to stop contacting Plaintiff and after Defendant was provided a cease and desist

instruction and also because Defendant's calls were made in spite of Plaintiff's directions

and expressly against Plaintiff's will, which was intended to annoy and harass Plaintiff

and which did, in fact, annoy and harass Plaintiff, as set for in paragraphs 7-12 above.

### Violations of the Fair Debt Collection Practices Act

15.  These same complained of actions on the part of Defendant (including but not

limited to paragraphs 7-12) constitute a violation of the Fair Debt Collection Practices

Act, particularly 15 U.S.C. 1692(c), 15 U.S..C. 1692 (d)&(g) because Defendant

continued to contact Plaintiff in regards to an alleged debt after Defendant was told to

stop contacting Plaintiff and after Defendant was provided a cease and desist instruction

and also because Defendant's calls were made in spite of Plaintiff's directions and

expressly against Plaintiff's will, which was intended to annoy and harass Plaintiff and

which did, in fact, annoy and harass Plaintiff, as set for in paragraphs 7-12 above.

WHEREFORE, on account of Defendant's conduct referenced above, Defendant is

further liable for attorney fees and costs under 15 U.S.C. 1692(k) and Chapter 559.77 and

Plaintiff demands judgment be entered against the Defendant with respect to the statutes

referenced above and Plaintiff seeks all damages available to her under the law.

s/W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com